UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC ROJAS,<br><br>    Plaintiff,<br><br>v.<br><br>CI-VIL ENTERPRISES, INC., et al.,<br><br>    Defendants. | Case No. 20-cv-00465-NC<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 31 |

Plaintiff Eric Rojas is suing Defendants Ci-Vil Enterprises and AK Paladin LLC for violations of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181-89 and related California statutes. ECF 17 at 1. Defendants move for summary judgment on Rojas's second amended complaint ("SAC") on grounds of mootness. ECF 31-1 at 3. The Court DENIES Defendants' motion finding that there remain genuine disputes as to material facts such that Defendants are not entitled to summary judgment.

**I.     BACKGROUND**

Rojas, an individual with a disability, brought this action against Defendants for violations of the ADA, California Health and Safety Code § 19955, the California Disabled Persons Act, and the California Unruh Civil Rights Act. ECF 17 at 5-9. In his SAC, Rojas claimed that Defendants failed to provide an accessible restroom at the Round Table Pizza located at 3253 Stevens Creek Boulevard San Jose, CA 95117 ("the Restaurant"). *See id.* at 2. Rojas included additional claims from a CASp-certified access

consultant's informal investigation of the Restaurant that found insufficient clearances in the Restaurant's parking area and an inaccessible cashier counter. *See id.* at 4.

In March 2020, the Restaurant permanently closed its dine-in services with "no intention of reopening" or "of starting another business, which would be open to the public, at the property." ECF 31-1 at 2. On October 2, 2020, Defendants AK Paladin, the current owner of the Restaurant premises, and Ci-Vil filed a motion for summary judgment on grounds of mootness due to the closure of dine-in services at the Restaurant. ECF 14 at 4; *see* ECF 31. Rojas opposed the motion. ECF 33. Defendants did not file a reply.

## II. LEGAL STANDARD

Summary judgment may be granted only when, drawing all inferences and resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is material when, under governing substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## III. DISCUSSION

### A. ADA Claim

A claim is moot if there is no case or controversy. *See* U.S. Const. art. III, § 2, cl 1. The case or controversy must be existent at all stages of review, not merely at the time the complaint is filed. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997). The central inquiry for mootness is whether there has been a change of circumstances since the beginning of litigation that forestalls any meaningful relief. *See Hunt v. Imperial Merchant Servs., Inc.*, 560 F.3d 1137, 1142 (9th Cir. 2009) (quoting *S. Utah Wilderness Alliance v. Smith*, 110 F.3d 724, 727 (10th Cir. 1997)). If a claim is moot, it must be dismissed. *See St. Pierre v. United States*, 319 U.S. 41, 43 (1943).

Defendants argue that this claim is moot: (1) because due to the closure of dine-in services the Restaurant is no longer a public accommodation, and (2) because Rojas cannot

be subject to repeated injury in the future. ECF 31-1 at 3. The Court disagrees with Defendants on both claims.

First, a lack of dine-in services does not exempt the Restaurant from the definition of a public accommodation. The ADA definition of a "public accommodation" includes private entities that operate a "restaurant, bar, or other establishment serving food or drink." 42 U.S.C. § 12181(7)(B). The statute does not restrict its definition to operations where the food or drink is consumed on-site. *See id.* Thus, Defendants' assertion that lack of dine-in services eliminates the Restaurant's classification as a public accommodation is incorrect. Rojas states that despite the closure of dine-in services, the Restaurant is "still open and serves customers." ECF 33 at 12. Viewing the evidence in the light most favorable to Rojas, the Court finds that because the Restaurant continues to serve food or drink, it is a public accommodation. *See Tolan*, 572 U.S. at 651 (2014); *see also* 42 U.S.C. § 12181(7)(B).

Second, there remains a genuine dispute of material fact as to whether closure of dine-in services prevents Rojas from being subject to repeated injury in the future. In his SAC, Rojas identified barriers to accessibility in the Restaurant's restroom, cashier counter, and parking lot. ECF 17 at 2-4. In his response, Rojas stated that the Restaurant still serves customers. ECF 33 at 12. To pick up their orders, customers can use the parking lot, order or pay at the cashier counter, and use the restroom. *See id*. Rojas continues to have unequal access to these facilities. *See id.* at 8. Viewing the evidence in the light most favorable to Rojas, there is still a genuine dispute as to whether he can suffer repeated injuries despite the Restaurant's dine-in closure. *See Tolan*, 572 U.S. at 651 (2014); *see also* ECF 33 at 12. Thus, Rojas maintains the possibility of relief.

Despite the closure of dine-in services, the Restaurant is still a public accommodation subject to the ADA, and it has not removed the barriers to equal access Rojas complained of so Rojas still has the possibility of meaningful relief. Therefore, this case is not moot.

3

### B. California Law Claims

Because the Court finds that the ADA claims are not moot, the Court retains supplemental jurisdiction over Rojas's California law claims, and they are not dismissed.

## IV. CONCLUSION

Viewing all of the evidence in the light most favorable to the nonmoving party, there remain genuine disputes as to material facts in this case. Thus, the Court DENIES Defendants' motion for summary judgment.

**IT IS SO ORDERED.**

Dated: October 28, 2020      _____
                              NATHANAEL M. COUSINS
                              United States Magistrate Judge